Let's go ahead and take up People v. Nathan Harmon. Argument for the appellant. Please proceed. Please support. We're asking for this court to remand for compliance with Rule 651C. In this case, Your Honor, the trial counsel filed a motion to suppress the proof of the search of Mike Klein's car. Counsel mistakenly thought that it was a search incident to arrest. In fact, it was presented by the state as an inventory search. The inventory search rested on the judge's finding that Mike Klein's car was a power source to impede traffic. The motion was denied, and Mike Klein was convicted of theft in a stipulated bench drive. In his post-conviction petition, Mike Klein alleged a number of things. He alleged that trial counsel failed to impeach the deputy with photographs. He alleged that he was convicted on false testimony. He also alleged that the deputy contradicted himself about where this car was parked. Finally, he alleged that the car was not, as the deputy testified, in the middle of the road impeding traffic, rather it was in a driveway. He did not, however, logically link these allegations together in his petition, which was essentially a long, disorganized, four- or five-page free-form paragraph. This is where post-conviction counsel should have come in. Counsel should have reshaped his legal theory, failure to impeach, by linking it with one of his factual claims that the deputy contradicted himself as to the location of the car. This claim would have had a solid legal basis, as counsel had a duty to impeach. It also would have had a solid factual basis, as the deputy did indeed contradict himself. As the State notes, the deputy testified in a suppression hearing that Mike Klein stopped the car in the middle of the road, which would justify an inventory search. But his record also shows the deputy testified in a preliminary hearing that he had stopped in a driveway, a drive, and a house. Further, in his police report, closest in time to the incident, he wrote that Mike Klein was pulling into a residence, none of which could reasonably be viewed as impeding traffic. Now, I'd like to briefly address a couple of the State arguments. The State argument is that counsel had no duty to raise this claim at all, because Mr. Harmon did not raise it. But Mike Klein did. He raised at least the gist of this claim. Mike Klein alleged that trial counsel was ineffective, that counsel was ineffective for failing to impeach this officer, that this officer lied, and that this officer lied about where the car was parked. He just didn't connect the impeachment part with the lying part. And that's a perfect example of what Hodges is talking about, when he recognizes that pro se petitioners often lack legal knowledge, not to say basic literacy, and so petitions are read liberally. The second argument I want to address is the State's argument that, well, all these statements are perfectly consistent, and if you look at the photographs, this is both more or less both a driveway and a road. I would say two things. First of all, I'd look at the State's pictures, at one of the defense pictures, but the picture of the State is cited differently than the State does. The road looks to me like a perfectly unpaved road. Second, the deputy himself made this distinction that the State tries to blur. In the preliminary hearing, he asked if he was parked, if Mr. Mike Klein was parked in some of the driveway. He said it was actually in the middle of the road. So, in summary, unless this court has questions, my client stated the gist of the claim in ineffective assistance of counsel for failing to impeach the officer with statements. Post-conviction counsel should have reshaped his claim, and because counsel did not, we ask that this court be asked for compliance with Rule 651C. Thank you. And then, counsel, for the record, do you have Mr. Michael Horst? Yes. Okay, thank you. Thank you. Good morning. Stilwell, United Way. Please accord the counsel. Yes, the issue in this case is whether post-conviction counsel provided a reasonable level of assistance. That's, of course, a different standard than ineffective assistance of counsel, and it's a level of assistance that is dictated by the arguments raised by the defendant pro se, the obligation under the rules to fashion the defendant's arguments. Here, the post-conviction counsel didn't even file an amended petition. No, he didn't. He just went with the pro se. He did. And that's not wrong, per se. Maybe not clean, I think. There wasn't the most expertly drafted pro se petition, as there really are. Nonetheless, that's what he proceeded upon. He was able to construct certain arguments deriving from that petition. The arguments principally were that the officer was not trustworthy because they had not used counsel as ineffective because he hadn't used the photographs to impeach the officer, that the counsel didn't call certain witnesses, which would have corroborated his belief of where the vehicle was located on that roadway, hiding out in the middle of the roadway, as was found to be, obviously, a critical factor in this case. The defendant should have been allowed to testify. So, obviously, the first argument sort of out of the gate is, is that being the case, there was not an allegation made by the defendant that counsel was ineffective for not impeaching Robinson with varying statements that he made throughout the course of the case, from the police report on through to the sentencing hearing. That's not a statutory allegation on the part of counsel to do so. Again, it's not an effective assistance to counsel. It's a reasonable level of assistance to counsel. The defendant's argument, I think, fair enough, is to take sort of a broad view of the defendant's pro se allegations. And I think the whole source of the defendant's advantage, in a way, is he can kind of take various things and then sort of impact them into ineffectiveness because he didn't think Robinson was telling the truth and sort of derive from that. I'll leave it to this court to look at the record of the petition and see how those specific allegations really appear in the petition and we'll see if they really are in accordance with what I described and how counsel actually presented the case on the circuit court level, which is substantially relied upon the photographs. Was this case decided at third stage? It was decided at third stage, correct. So obviously there's an evidentiary standard, but I don't think it's really This is more of a general overview because it's a legal question of a reasonable level of assistance. That being the case, I think that when you look at it from that perspective, a reasonable level of assistance, you have to understand that the defendant carries the burden of proving all the way through the end of the case is a substantial constitutional violation. So it's not enough to say that counsel will render unreasonable assistance simply because there's an argument that could have been made, that might have been made. Everything still is viewed through the prism of the ineffective assistance of counsel strictly standard, but it has to be a substantial violation. In other words, not merely sort of nitpicking specifically new shade that had been done, might have been enhanced in this case. This is a situation where that failure to do so effectively compromised the defendant's ability to present what would ostensibly be a winning petition for the circuit court. That being the case, I don't think that the record lends itself to that conclusion. I do find it interesting, and I actually did the direct appeal on this, I believe, but this court found in its Rule 23 order, and I quote, that Robinson testified, quote, multiple times in multiple hearings that the defendant's vehicle was parked in the middle of a public road. Now, granted, that's a synopsis of sort of the basis, sort of, but it does say something interesting. It says that when you read the record, you're drawing a conclusion. Now, it's really not debatable that Robinson said things differently throughout the case, and I'll detail that here in a moment, but this court's own conclusion in its Rule 23 order in the appeal reduced to not just a statement that he testified that he's parked in a public roadway, middle of a public roadway, but he testified consistently through various points in the case. So I think that that gives some idea, perhaps, in view of the substantial violation of a constitutional right. This court's sort of record impression when it comes to that, it's not likely to try to fax it or it's going to come to a different conclusion. Now, Robinson testified, well, he also did a written police statement. It was a preliminary hearing, a motion to suppress, and then sentenced all four of those statements by Robinson. And they do vary to some degree. In the written statement, he described the defendant's vehicle pulling him into a residence and saw him exit the vehicle and walk away. At the preliminary hearing, he testified that he saw him pull into a house and get out to start walking, but then at the cross-examination, he said, well, what I'm really saying here to understand is that he pulled into a drive, which he said was really kind of a street, and he parked in the middle of the road. At the motion to suppress, he said the defendant pulled into a dead-end roadway. At the sentencing hearing, he testified that he stopped in the middle of a dead-end street. So, you know, there's some variations, and I think the question is, are those variations so consequential that they would have impeached Robinson, an individual in this court I mentioned for the 15th time, found him to be testifying relatively consistently that he was parking in the middle of the road. I think that when you look at the photographs, counsel and I obviously will take opposing views of what these photographs show, but what they do show is this is basically a little dirt road with houses that abut the roadway. And I think that when you look at the pictures and you look at Robinson's descriptions, they all more or less kind of describe the same thing, but vary in terms. And I do think that the preliminary hearing testimony is particularly telling because it sort of does both. I mean, he talks about pulls into a drive, but then says, you know, what I mean is that he's in a roadway. Now, was there a stop sign there? I think that there was. I'm not sure. You'll see it as soon as there's like a main paved road and there's kind of a dirt roadway that kind of continues on the sort of 90-degree axis with each other. And where the car was ultimately stopped and the car pulled into is sort of kind of a short dead-end roadway. But I thought there was a stop sign right there. I think there might be a stop sign across the crossing of the main road and the road that he turned down to photograph the shot. But really my argument comes down to this. I think when you look at Robinson's testimony in the photographs and when you sort of look at the preliminary hearing testimony, which you can't really say at that point that he's kind of sure that his testimony would meet the suppression standard that came later on regarding where the vehicle was parked. This is what he's really trying to describe. He's not describing it as articulately or specifically as possible. It's probably not debatable. But I do think that when you look at it from the prejudice standpoint and the substantial violation of constitutional right, if counsel had been pressed or if he had been pressed by counsel, as he sort of was in the preliminary hearing testimony, I think that he would have ultimately said, well, this is what I'm saying. It's a little roadway, there's houses, there's driveways, he pulled into them, he stopped in the middle of the road. I think that that's the fair conclusion. Reasonable minds will differ, I'm sure, if his words do. But I believe that that's the conclusion this court should come to. And that being the case, I don't believe under either argument today that the defendant's entitlement to leave from the circuit court should be affirmed. Thank you very much. Thank you, counsel. Our rebuttal. Thank you, Your Honors. I have four points to make. First of all, counsel said at the outset that my client did not present the arguments that we're presenting now. And that sort of goes to the heart of the legal matter, because I think under cases like Richardson and Hodges, the issue is not whether my client presented certain arguments, it's what allegations he made. It's a factual allegation he made, because petitions are read liberally and I understand that pro se petitions don't have legal knowledge. And in fact, the post-conviction statute, I think, 122.3 says that legal arguments shall be omitted for the petition. So I think the case standard probably falls on what my client alleged in terms of what happened, rather than his formal legal arguments or legal theories. Second, it was asked whether this case was a second-stage or third-stage case. I don't think you can either say one or the other, because if it was a third-stage case, it wasn't a proper third-stage case, so there's no motion to dismiss file by the state. But I think this was a second-stage error, and similar to where you have this case that is a perfectly well-done third-stage case, but you have a 651C issue related to an issue that did not get raised in the evidentiary hearing, because of the 651C violation, you can address that as a second-stage error. That's what we're addressing. The third point is the state was arguing its view that Robinson was basically saying the same thing, this is a driver, this is a road. I would disagree with that, and I would point to, you know, the state's brief on page 4 actually summarizes it pretty well. It summarizes Robinson's testimony on cross-examination, and Robinson said that the defendant pulled into the driveway. When asked by defense counsel whether the car was parked on the side of the road or the driveway, Robinson testified that, quote, if you go down there, it's actually in the middle of the road. The driveway is on the side of the road. So I think the deputy made the distinction that our counsel is saying that he may not have made. And fourth, in terms of the consequences, that's the same argument, that he was not doing the same thing. So with those comments, we'd ask that this court remain for further compliance under 651C. Thank you. Thank you. We will take this case under advisement, and the court will be in recess. All rise.